[No. 8759. Department One. November 15, 1910.]

## C. C. WARWICK, *Appellant*, v. WILLIAM WARWICK, *Respondent*.[1]

SPECIFIC PERFORMANCE—EVIDENCE—SUFFICIENCY. In an action for specific performance, findings to the effect that no enforceable contract was made are warranted by the evidence, where the defendant testified that he had offered to sell the land to his son for $800 cash, and at one time agreed to deliver a deed if the son would give a note for the amount, but the son did not do either, and $400 received from the son on different occasions was for work done.

SAME—IMPROVEMENTS—OFFSET—RENTAL VALUE. Upon denying specific performance of a land contract which was never consummated, the plaintiff is not entitled to recover the value of improvements and taxes paid, where the same amounted only to the rental value of the property occupied by the plaintiff.

Appeal from a judgment of the superior court for Chehalis county, Irwin, J., entered December 29, 1909, in favor of the defendant, after a trial on the merits before the court without a jury, in an action for specific performance. Affirmed.

*Conway & Snider*, for appellant.

*A. M. Abel* and *W. H. Abel*, for respondent.

MOUNT, J.—This action was brought by a son to enforce specific performance of an oral contract to purchase a lot in the city of Aberdeen from his father. The complaint alleged that, in January, 1905, the respondent agreed to sell the lot in question to the appellant for the sum of $800, to be paid in installments of $10 per month while the respondent lived with the appellant, and $20 per month while the respondent lived elsewhere; that in pursuance of the agreement, the appellant took possession of the lot, paid taxes, and made improvements thereon; that the respondent lived with the appellant; that all the terms of the agreement had been complied

[1]Reported in 111 Pac. 568.

with, and that on August 2, 1909, appellant tendered to the respondent the remainder of the purchase price, viz., $130, and demanded a deed, which respondent refused to give. The respondent denied all the allegations of the complaint, except that the had made his home with the appellant until about June 1, 1909. He also set out certain affirmative matters not necessary to be mentioned. At the trial of the case, the court found that no definite agreement had ever been made between the parties, and therefore dismissed the action. The plaintiff has appealed.

The only questions in the case are questions of fact. The appellant testified that he had made an agreement substantially as alleged in the complaint, and that he had made the monthly payments; while the respondent denied that he had made such a contract. He testified that he had agreed to sell the lot to his son for $800 cash, and that at one time he had executed a deed to his son, and offered to deliver the deed if his son would give him a note for that amount; but that the son never did so, and never paid any of the purchase price. He also testified that he had received as much as $400 from his son upon different occasions, but that no part of this money was paid upon the purchase price of the lot, but it was paid for work which respondent had done for the appellant. There are circumstances in the case which tend to corroborate the respondent. The court, after seeing the witnesses and hearing the evidence, was not convinced that any enforceable contract was entered into. We think the court was justified under the evidence in so finding.

It is claimed by the appellant that the court should have entered a judgment for the value of the improvements made by appellant upon the premises. The evidence shows that the son made some improvements upon the property, but there was much conflict as to their value. The improvements and the taxes paid were about equal to the rental value of the property.

We find no error in the record, and the judgment is therefore affirmed.

RUDKIN, C. J., PARKER, GOSE, and FULLERTON, JJ., concur.